**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| AVISHAY (ALLISON) ALON<br>*Plaintiff*,<br>v.<br>WILLIAM HART, in his official capacity as New Hampshire Department of Corrections Commissioner, *et al.*,<br>*Defendants*. | Case No. 1:25-cv-00505-SM-TSM |
| AVISHAY (ALLISON) ALON<br>*Petitioner*,<br>v.<br>NEW HAMPSHIRE DEPARTMENT OF CORRECTIONS COMMISSIONER,<br>*Respondent*. | Case No. 1:26-cv-00675 |

**THE STATE OF NEW HAMPSHIRE'S RETURN ON ORDER**

The Office of the Attorney General, answering the Order to show cause issued by this Court and noticed to counsel for Defendants in the above-captioned matter, states as follows:

**Introduction**

1. Movant Avishay (Allison) Alon's (Inmate No. 156072) Emergency Motion (ECF No. 26) should be denied for at least three reasons.

2. The Emergency Motion is jurisdictionally defective and the matter is moot, now that Movant has been paroled to the ICE detainer. Notwithstanding, Movant misapprehends the conditions of the parole granted—she has no basis to seek the requested relief.

3. Accordingly, the State respectfully requests that the Court deny Ms. Alon's Emergency Motion, with prejudice.

**Procedural Posture**

4. Minutes before midnight on August 18, 2026, Ms. Alon filed an Emergency Motion for Temporary Restraining Order. ECF No. 26.

5. Shortly thereafter, the Court directed the State of New Hampshire to "show cause why this court should not enter an order directing it to release plaintiff from its custody." Order, ECF No. 27 at 4 (Aug. 19, 2026).

**Statement of Material Facts**

6. Ms. Alon was serving a sentence at the New Hampshire State Prison in Concord, New Hampshire ("NH-SP"). She committed four counts of criminal threatening, as defined and prohibited by RSA 631:4, I(d). N.H. Adult Parole Bd., Results of Parole H'rg at 1 (July 23, 2026).

7. The New Hampshire Adult Parole Board (the "Board"), Results of Parole Hearing ("Hearing Results"), reflects the charges for which Ms. Alon was incarcerated. The Hearing Results report is attached hereto as Exhibit A, and incorporated by reference.

8. The Board conducted an in-person parole hearing on July 23, 2026. *Id.* The Board approved Ms. Alon's request for parole.

9. The Board did not parole Ms. Alon to the community or without restrictions, however. *See generally id.* The Hearing Results report lists 13 conditions of parole, not including subsections and compound requirements. *See id.* The Board indicated conditions applicable to Ms. Alon with "yes," and inapplicable conditions with "no." *See id.*

10. The thirteenth section is titled, "[t]he following ***specific conditions*** are imposed by the court or parole board[,]" and it has nine subsections. *Id.* at 2 (emphasis added).

11. The ninth subsection sets forth "[o]ther" specific conditions. *Id.* In pertinent part, a specific requirement of Ms. Alon's parole is "Parole ***to ICE detainer***." *Id.* (emphasis added).

12. On August 19, 2026, Ms. Alon signed her parole certificate, agreeing to her release subject to the Board's terms and conditions. *See* N.H. Admin. R., Par 401.02 ("The parolee shall accept and agree to all of the conditions and shall evidence his agreement by signing his name to the certificate.").

13. At approximately 9:00 a.m. on August 20, 2026, the New Hampshire Department of Corrections released Ms. Alon to ICE custody, consistent with the Board-mandated conditions of parole, and as agreed in Movant's signed parole certificate.

**Show Cause Response**

14. The Court should deny the Emergency Motion with prejudice for at least three reasons: (a) lack of jurisdiction; (b) mootness; and (c) Movant's incomplete identification of facts and misapprehension of the law.

**A. Jurisdiction**

15. First, the Motion is procedurally and jurisdictionally defective. Since Movant seeks a federal court order regarding her release from state custody, this is not a Motion—it is a petition for a writ of habeas corpus. *See, e.g.*, Mem. Supp. of Emergency Mot., ECF No. 26-1 at 6 (Aug. 18, 2026) (seeking, among other things, "release from state imprisonment at the expiration of any authorized transfer[.]").

16. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

17. Ms. Alon was incarcerated in a state prison, for violating state law. She challenges the lawfulness of her continued detention in state prison. Her habeas challenge is accordingly governed by 28 U.S.C. § 2254(a).

18. Prior to filing this Motion, Ms. Alon did not seek relief from a state court on the grounds she now asserts in this federal court. New Hampshire state courts are open, functioning, and fully capable of acting on her Motion and protecting her rights. She has thus failed to exhaust her state judicial remedies as required by 28 U.S.C. § 2254(b).

19. Section 2254(b) requires habeas applicants to exhaust the remedies "available in the courts of the State." *See Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002). A federal habeas court, accordingly, has no authority to order her release from state custody.

20. The Motion was filed in a Section 1983 lawsuit challenging the conditions of Ms. Alon's incarceration. Compl., ECF No. 1 (Dec. 8, 2025). Even if the Court construed the Movant's requested relief as related to the conditions of her confinement, which it is not, the Prison Litigation Reform Act requires Ms. Alon to exhaust her available administrative remedies prior to seeking relief in this Court. *See* 42 U.S.C. § 1997e(a).

21. "Under the PLRA, federal courts lack discretion to consider any claim challenging prison conditions unless the exhaustion requirement has been satisfied, without regard to whether the remedy sought in the federal action was available under the institution's administrative procedure." *Burns v. Croteau*, 561 F. Supp. 3d 164, 167 (D.N.H. 2020) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

22. According to Movant's proposed amended complaint (attached to a Motion for Leave to File Supplemental Complaint), "Plaintiff ***will complete*** every administrative remedy that remains actually available and capable of providing timely relief." Suppl. Compl., ECF

No. 25-1, ¶ 106 (Aug. 18, 2026) (emphasis added). Movant's concession that she has not yet exhausted administrative remedies precludes the Court's judgment on this Emergency Motion.

**B. Mootness**

23. Notwithstanding the foregoing jurisdictional defects, mootness is a second reason that the Court should deny the Emergency Motion with prejudice.

24. "[A] case is moot when the court cannot give any effectual relief to the potentially prevailing party." *Angelika P. v. Town of Meredith*, No. 19-cv-1114-SM, 2020 U.S. Dist. LEXIS 181738, *20 (D.N.H. Oct. 1, 2020) (quoting *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 58 (1st Cir. 2016)).

25. A habeas petition must allege the name of the person who has custody over the petitioner. *St. John v. Campbell*, 174 F.4th 228, 232 (1st Cir. 2026) (citing 28 U.S.C. §§ 2242, 2243)). This is a statutory requirement because if the court issues the writ, it awards equitable relief that must be directed to the inmate's custodian. *See id.* That is why the First Circuit has "gone so far as to deem custody 'the essential statutory ingredient for initial jurisdiction.'" *See id.* at 231 (quoting *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991) (per curiam)).

26. Mootness is warranted where a habeas petitioner is no longer in physical custody of the respondent and the petitioner does not face appreciable collateral consequences. *See Robinson v. N.H. Adult Parole Bd.*, No. 09-cv-374-PB, 2010 U.S. Dist. LEXIS 72047, at *9 (D.N.H. June 28, 2010) (habeas dismissal approved by *Robinson*, 2010 U.S. Dist. LEXIS 97189 (D.N.H. Sept. 16, 2010)).

27. Here, the State ceased physical custody of Ms. Alon at approximately 9:00 a.m. today. She is now in the physical custody of ICE. The State is unaware of any collateral

consequences that could suffice to maintain Movant's Article III standing for either injury-in-fact or redressability, so the Emergency Motion is moot.

28. The result is the same if viewed through the lens of a Section 1983 challenge to the conditions of incarceration. "A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release." *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014).

29. Ms. Alon has been released to the ICE detainer, consistent with the conditions of her parole. The unconstitutional condition alleged in the Motion—incarceration instead of parole to the ICE detainer—has been fully cured.

**C. Movant's Incomplete Factual Allegations & Misapprehension of Applicable Law**

30. The applicable law as applied to the facts of this case forms the third reason that the Court should deny the Emergency Motion with prejudice. The Movant alleges that waiting for ICE to take custody is a "policy [that] converts a limited civil detainer into authority for open-ended state imprisonment." ECF No. 26-1 at 2. This fundamentally misstates or misunderstands the law and facts of the case.

31. New Hampshire law obligates the Adult Parole Board to adopt rules establishing the conditions applied to an inmate's parole. RSA 651-A:4; N.H. Admin. R., Par 401.02 (General Conditions); N.H. Admin. R., Par 401.03 (Specific Conditions). In this case, a specific condition of Ms. Alon's parole was "[p]arole to ICE detainer." Ex. A at 2. The Board chose not to parole Ms. Alon to the community or without restrictions. *See id.*

32. Moreover, the Board was under no obligation whatsoever to parole Ms. Alon at any time, much less at her minimum parole date. "The New Hampshire Supreme Court has repeatedly held that the APB has broad discretion in its parole decisions, and that the APB is not

mandated to grant parole to an inmate, even where he meets certain conditions or criteria." *Harrington v. Warden, N.N.H. Corr. Facility*, No. 24-cv-096-JL-AJ, 2026 U.S. Dist. LEXIS 104844, at *5 (D.N.H. Apr. 23, 2026) (citation and quotation omitted).

33. Likewise, Ms. Alon does not have a right to parole—parole is a privilege. *Id.* (citing N.H. Admin. R., Par 301.02).

34. Ms. Alon, however, argues that her "continued" detention "entitled" her to release. *See* ECF No. 26-1 at 4. The Movant misapprehends the First Circuit's explanation of how federal law operates to hold over an inmate on an ICE detainer. The First Circuit said:

> Once the alien ***has completed*** her criminal custody ***and is "not otherwise detained*** by a criminal justice agency," the detainer instructs the agency to "maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays[,] in order to permit assumption of custody by [ICE]."

*Morales v. Chadbourne*, 793 F.3d 208, 214 (1st Cir. 2015) (quoting 8 C.F.R. § 287.7(a)) (edits in original) (emphasis added). Movant glosses over two essential requirements of the 48-hour limitation: (1) ***completed*** criminal custody; and (2) not ***otherwise*** detained. Ms. Alon has not completed her sentence, so she was lawfully detained by a criminal justice agency at the time of her Emergency Motion.

35. Movant asserts that the State will argue parole is discretionary and that parole is not effective until ICE physically appears. ECF No. 26-1 at 5. She argues that "paroled to the detainer" does not authorize "indefinite imprisonment." *Id.* This is a strawman.

36. The State's argument is simple and it can be stated in four parts. First, the Board validly conditioned parole on transfer to ICE. Second, Ms. Alon agreed to that condition. Third, granting Ms. Alon discretionary parole did not confer upon her a right to parole prior to the sentencing maximum. And fourth, the Board was not obligated to parole Ms. Alon before the specific parole condition—ICE detainer—was satisfied.

**Conclusion**

37. For the foregoing reasons, the Office of the Attorney General respectfully requests that the Court deny the Emergency Motion (ECF No. 26), with prejudice.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: August 20, 2026

*<u>/s/ Michael P. DeGrandis</u>*

Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

*<u>/s/ Michael P. DeGrandis</u>*
Michael P. DeGrandis